**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
Telephone: (520) 623-4353
Fax: (520)792-3426
PAkmajian@chandlerudall.com

Peter Akmajian PCC# 772, SBN 009593
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ITORYE TAMER SILVER,<br><br>                Plaintiff,<br><br>vs.<br><br>TOM SLUTES and SLUTES, SAKRISON & ROGERS, P.C.,<br><br>                Defendants. | NO. CV-00640-FRZ<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED**<br><br>*Assigned to*: Hon. Frank R. Zapata |

      For their Answer, defendants hereby deny, allege and admit as follows:

      1.    Answering the allegations of paragraph 1 of plaintiff's complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related plaintiff's current state of residence. Upon information and belief, defendants admit that plaintiff is currently living in Australia. Answering the balance of paragraph 1 of plaintiff's complaint, defendants admit only that plaintiff's minor child was in Arizona at the time the child's father brought the Hague Convention Case referenced in plaintiff's complaint.

      2.    Defendants admit the allegations of paragraph 2 of plaintiff's complaint.

      3.    Defendants admit the allegations of paragraph 3 of plaintiff's complaint.

      4.    Answering the allegations of paragraph 4 of plaintiff's complaint, defendants admit that this action alleges legal malpractice. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegation regarding the propriety of federal jurisdiction.

5. Defendants admit the allegations of paragraph 5 of plaintiff's complaint.

6. Answering the allegations of paragraph 6 of plaintiff's complaint, defendants admit such allegations except the sentence stating "SLUTES did not respond to the Petitioner's Motion and prayers for relief", and defendants allege that Slutes did file a response.

7. Answering the allegations of paragraph 7 of plaintiff's complaint, defendants admit that the hearing took place on December 4, 2006 and that the hearing was a trial on the merits. Defendants deny the balance of paragraph 7 of plaintiff's complaint and allege that the events in the hearing are documented by the transcript of the proceedings, which speaks for itself.

8. Answering the allegations of paragraph 8 of plaintiff's complaint, defendants admit that defendant Slutes called plaintiff as a witness. Defendants deny the balance of paragraph 8 of plaintiff's complaint and allege that the events in the hearing are documented by the transcript of the proceedings, which speaks for itself.

9. Answering the allegations of paragraph 9 of plaintiff's complaint, defendants allege that any statements by defendant Slutes at the hearing are documented by the transcript of the proceedings, which speaks for itself. Furthermore, defendants allege that the court record documents what motions were filed in the case. Defendants deny the balance of paragraph 9.

10. Answering the allegations of paragraph 10 of plaintiff's complaint, defendants admit only that the court entered an order in favor of the Petitioner and that such order speaks for itself.

11. Defendants admit the allegations of paragraph 11 of plaintiff's complaint.

12. Answering the allegations of paragraph 12 of plaintiff's complaint, defendants allege that what duty defendants owed is a legal matter to be determined by the court.

13. Defendants deny the allegations of paragraph 13 of plaintiff's complaint.

14. Defendants deny the allegations of the second paragraph 13 of plaintiff's complaint, which should have been number paragraph 14.

## GENERAL DENIAL

15. Defendants deny each and every allegation of plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

16. As and for their affirmative defenses, defendants assert contributory negligence/comparative fault against plaintiff. Defendants allege this action is barred by the statute of limitations set forth in A.R.S. §12-542.

RESPECTFULLY SUBMITTED this 27th day of January, 2009.

UDALL LAW FIRM, LLP

By _____
Peter Akmajian
Attorneys for Defendants Tom Slutes & Slutes,
Sakrison, Rogers, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2009, I electronically transmitted the Answer with the Clerk's Office and using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM-ECF registrant:

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 110
Scottsdale, AZ  85260
phillipj@nathasonlawfirm.com
*Attorneys for Plaintiff*

By _/s/ X. Oesjura_