**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
Telephone: (520) 623-4353
Fax: (520)792-3426
PAkmajian@udalllaw.com
MThompson@udalllaw.com

Peter Akmajian PCC# 772, SBN 009593
Michele G. Thompson, PCC #65371, SBN 019652
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ITORYE TAMER SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>TOM SLUTES and SLUTES, SAKRISON & ROGERS, P.C.,<br><br>Defendants. | NO. 4:08-cv-00640-FRZ<br><br>**MOTION TO DISMISS**<br>(Oral Argument Requested)<br><br>*Assigned to: Hon. Frank R. Zapata* |

Pursuant to *Fed.R.Civ.P.* 12(b)(6), Defendants, through undersigned counsel, hereby move to dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendants also move to dismiss this action for lack of prosecution pursuant to *Fed.R.Civ.P.* 41(b). This Motion is supported by the annexed Memorandum and exhibits.

**Memorandum**

This is a legal malpractice case. Plaintiff is suing defendants Tom Slutes, Esq. and Slutes, Sakrison & Rogers, P.C. based on their alleged negligence in representing plaintiff in an underlying Hague Convention proceeding before Judge Collins' in the United States District Court, District of Arizona, CV06-580-TUC-RCC.

Plaintiff, however, has not disclosed an expert witness in accordance with applicable Arizona law and this Court's December 1, 2009 disclosure deadline. As such, the plaintiff has

failed to state a claim against defendants upon which relief can be granted. Dismissal is, therefore, proper pursuant to *Fed.R.Civ.P.* 12(b)(6).

Further, this court should dismiss this action for lack of prosecution. Despite repeated requests, plaintiff has not made herself available for deposition. Nor has she responded to now well-overdue discovery requests. Despite numerous attempts by undersigned counsel to contact plaintiff's counsel, there has been no response. Accordingly, this action should also be dismissed for lack of prosecution pursuant to *Fed.R.Civ.P.* 41(b).

## I. ARGUMENT

### A. The Plaintiff Has Failed To State A *Prima Facie* Claim for Legal Malpractice.

Plaintiff has failed to state a *prima facie* claim for legal malpractice. A plaintiff asserting a legal malpractice claim must prove 1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care and knowledge commonly exercised by members of the profession, 2) breach of that duty, 3) that such negligence was the actual and proximate cause of resulting injury, and 4) the nature and extent of damages. *See Glaze v. Larsen*, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004) *citing Phillips v. Clancy*, 152 Ariz. 415, 418, 733 P.2d 300, 303 (App. 1986).

It is well-recognized that expert testimony is generally needed to establish the breach of the standard of care in a legal malpractice case. A.R.S. §12-2602; *see also Asphalt Engineering, Inc. v. Galusha*, 160 Ariz. 134, 135, 770 P.2d 1180, 1181 (App. 1989). Plaintiff, however, has failed to disclose a standard of care expert. The deadline for expert disclosure was December 1, 2009. *See Scheduling Order* (#13).

Defendant Slutes disclosed a standard of care expert, Steven D. Sheldon, Esq., on December 1, 2009. Mr. Sheldon will testify that Defendant Slutes complied with the standard of care in his representation of plaintiff Itoyre Silver. *See Defendant's Expert Disclosure Statement*, Exhibit 1.

Since plaintiff has no expert to testify that Defendants breached the standard of care, her

legal malpractice claim fails as a matter of law. *See A.R.S. §12-2602(F)*. Accordingly, pursuant to *Fed.R.Civ.P.* 12(b)(6), the complaint should be dismissed for failure to state a claim upon which relief can be granted.

### B. The Complaint Should Be Dismissed For Lack of Prosecution.

Pursuant to *Fed.R.Civ.P.* 41(b), plaintiff's Complaint should also be dismissed for lack of prosecution. Plaintiff has failed to comply with multiple court deadlines and has failed to respond to any deposition or discovery requests. Indeed, plaintiff has not served her initial disclosure statement, responded to any of defendants' discovery requests or defense counsel's repeated requests to schedule her deposition. She has failed to produce any documents pursuant to this Court's Scheduling Order (Docket #13) and has done nothing to further the prosecution of her case.

Courts are required to weigh several factors in determining whether to dismiss a case for lack of prosecution: 1) the public's interest in expeditious resolution of litigation, 2) the court's need to manage its docket, 3) the risk of prejudice to the defendant, 4) the public policy favoring disposition of cases on their merits, and 5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).

A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. *Henderson, supra*, at 1423. Examples of plaintiff's failure to prosecute this case are set forth below:

- Failed to file preliminary expert affidavit pursuant to A.R.S. §12-2602 (due September 15, 2009). *See e.g., Moreland v. Barrette*, 2006 WL 3147651 (D. Ariz. 2006);

- Failed to serve initial disclosure statement due September 15, 2009 (pursuant to Scheduling Order)[1];

- Failed to respond to defendants' interrogatories and requests for production (due

---

[1] Although plaintiff filed a Notice of Service of her Initial Disclosure Statement on September 15, 2009, undersigned counsel never received her Initial Disclosure Statement nor any exhibits therein. (Docket #15).

-3-

October 27, 2009)(see Exhibit 3);

- Failed to exchange copies of relevant documents due September 30, 2009 (pursuant to Scheduling Order);

- Failed to make plaintiff available for deposition despite repeated requests (requests made August 27, 2009, October 1, 2009, October 8, 2009, October 22, 2009, November 4, 2009, and January 11, 2010)(Exhibit 2); and

- Failed to disclose any expert witnesses (due December 1, 2009 per Scheduling Order).

Indeed, no discovery has occurred whatsoever on plaintiff's part. This is in marked contrast to defendants who have served their Initial Disclosure Statement, two Supplemental Disclosure Statements, Expert Disclosure Statement (with Expert Report), and served discovery requests on plaintiff.

Unreasonable delay creates a presumption of injury to the defense. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Here, it is plainly evident that the defendants are prejudiced by plaintiff's law of diligence in prosecuting her case. She has not produced any documents nor responded to any discovery requests. Likewise, she has not made herself available for deposition. The underlying Hague Convention proceeding upon which this lawsuit is based occurred more than three years ago. As time passes, memories fade, witnesses become unavailable, and costs increase. *See e.g., Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (Cal. 1970)(unreasonable delay on part of plaintiff creates presumption of injury to defendants' defenses). Further, the discovery deadline is now nearly ninety (90) days away and yet, no discovery has been made despite defendants' repeated requests.

Although defense counsel has made numerous inquiries to plaintiff's counsel regarding outstanding discovery and requests to take plaintiff's deposition (via telephone, email and regular correspondence), to date no such discovery has occurred. *See* Exhibit 2 (Correspondence dated October 2, 2009, October 22, 2009, November 4, 2009, November 5, 2009, and January 11, 2010). Indeed, defense counsel even forewarned plaintiff's counsel that a motion to dismiss for lack of prosecution would be filed if discovery was not forthcoming

-4-

(see January 11, 2010 email correspondence at <u>Exhibit 2</u>).

In light of plaintiff's failure to prosecute this case, defendants request that this court dismiss the Complaint for lack of prosecution. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

## II. CONCLUSION

For the foregoing reasons, dismissal of this action is appropriate.

RESPECTFULLY SUBMITTED this 26th day of January, 2010.

UDALL LAW FIRM, LLP

By  /s/ Michele G. Thompson
Peter Akmajian
Michele G. Thompson
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2010, I electronically transmitted this document with the Clerk's Office and using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM-ECF registrant:

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ 85260
phillipj@nathasonlawfirm.com
*Attorneys for Plaintiff*


By s/ Michele G. Thompson