# EXHIBIT 1

1  **UDALL LAW FIRM, LLP**
   ATTORNEYS AT LAW
2  4801 E. BROADWAY BLVD., SUITE 400
   TUCSON, ARIZONA 85711-3638
3  Telephone: (520) 623-4353
   Fax: (520)792-3426
4  PAkmajian@udalllaw.com
   MThompson@udalllaw.com
5
   Peter Akmajian PCC# 772, SBN 009593
6  Michele G. Thompson, PCC #65371, SBN 019652
   Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF ARIZONA**

10 ITORYE TAMER SILVER,                    NO. 4:08-cv-00640-FRZ

11                 Plaintiff,

12 vs.                                     **DEFENDANTS' RULE 26(a)(2)
                                           SUPPLEMENTAL DISCLOSURE
13 TOM SLUTES and SLUTES, SAKRISON         STATEMENT RE: EXPERT
   & ROGERS, P.C.,                         WITNESSES**
14
                 Defendants.
15
                                           *Assigned to*: Hon. Frank R. Zapata
16

17        Defendants Tom Slutes and Slutes, Sakrison, Rogers, P.C., by and through counsel

18 undersigned, pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, disclose the

19 following information.

20 1.     <u>WITNESSES</u>

21        **Steven D. Sheldon, Esq.
          FRANKS & SHELDON, P.C.**
22        **2111 East Highland Ave. Suite 145
          Phoenix, Arizona 85016**
23
          **Mr. Sheldon is an attorney, licensed to practice in the State of Arizona. He will
24 testify regarding standard of care and causation issues as it relates to the underlying
   proceeding. He is expected to testify consistent with his report (attached), which is
25 intended to comply with Fed.R.Civ.P. 26(a)(2)(B).**

26

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

2.   **DOCUMENTS**

    a.    **Written Report of Steven Sheldon, Esq. (attached).**

            **Expert opinions may be supplemented as new information arises.**

    b.    **Curriculum Vitae of Steven Sheldon, Esq. (attached).**

RESPECTFULLY SUBMITTED this ___1st___ day of December, 2009.

UDALL LAW FIRM, LLP

By _____
Peter Akmajian
Michele G. Thompson
Attorneys for Defendants Tom Slutes & Slutes,
Sakrison, Rogers, P.C.

ORIGINAL of the foregoing mailed
this __1st__ day of December, 2009 to:

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ 85260
phillipj@nathasonlawfirm.com
*Attorneys for Plaintiff*

By _____

Written Report of Steven Sheldon, Esq.

I, STEVEN SHELDON, ESQ. state as follows:

¶1.    I am an attorney licensed to practice in the State of Arizona, specializing in family law, including divorce, custody, visitation and paternity matters.  My Curriculum Vitae is attached to this report and indicates my qualifications.  *Exhibit 1.*  I have not authored any publications within the past ten years.

¶2.    I have based my opinions on my education, training, knowledge and experience as an attorney practicing in custody cases, including presiding over several Hague Convention cases during my tenure as a judge with the Maricopa County Superior Court.  Additionally, my opinions are based on my review of relevant records and materials including the following: 1) Complaint; 2) Underlying court file in *Silver v. Hanrahan*, including transcript of hearing; and 3) Client File of Tom Slutes, Esq.

        I intend to review additional information revealed during discovery, including pertinent depositions, the parties' discovery responses, and plaintiff's expert disclosure statement.  I reserve the right to supplement my opinions as new information is revealed or disclosed.  In addition, all examples of events and allegations reviewed and considered as a part of my analysis and the formulation of my opinions have not been included in this summary document.  I do not anticipate adding or modifying opinions in this matter prior to trial testimony, but do reserve the right to expand upon my stated opinions so as to further clarify and explain those opinions.

¶3.    In regard to my past testimony within the last four years, I have provided sworn testimony in the following matter(s):

        (a)    *Jeffrey R Dick v. Marc A Lessow/Mead & Associates*, CV2006-010945, Maricopa County Superior Court (Deposition).

¶4.    My fee schedule for this case is as follows: $325.00 per hour for document review and legal research; $325.00 per hour for deposition or trial testimony.

¶5.    My opinions are set forth below:

        (a)    It is my opinion that Defendant Tom Slutes, Esq. met the standard of care in representing Itoyre Silver in the underlying Hague Convention proceeding.

1

(b)    Mr. Slutes' representation of Ms. Silver during the Hague Convention proceeding, including examination of Ms. Silver and cross-examination of Mr. Hanrahan, was reasonable, appropriate and well-within the standard of care.

(c)    The trial court appropriately ruled that the minor child be returned to Australia for custody proceedings. The overwhelming evidence indicated that Australia was the minor child's "habitual residence." There was simply insufficient evidence that Ms. Silver and Mr. Hanrahan were making the United States their permanent residence. This lack of evidence, however, was not due to any failure on the part of Mr. Slutes.

(d)    None of the additional evidence that Ms. Silver claims to have had, but purportedly was unable to introduce given the shortened time frame for presentation of the Hague Convention hearing, would have been likely to change the outcome of the proceeding. This is particularly true given that much of this information was either already admitted by Mr. Hanrahan in his testimony or was admitted by way of affidavit or exhibit, either at trial or attached to Motions.

(e)    Further, even if a motion to continue the hearing would have been filed with the court, it is unlikely that it would have been granted. Hague Convention proceedings are typically expedited proceedings and it is unlikely that any request for a continuance would have been successful given the nature of the hearing.

(f)    This opinion is further supported by the trial Judge's December 15, 2006 Amended Order, in which the court rejected Ms. Silver's Motion to Re-Open Evidence. In this order, the Judge specifically identified several "facts" he found which supported his decision, based on the evidence presented, including:

> (i) "They purchased three round-trip tickets for a ten-week stay in the United States with a return date of September 1, 2006, due to a wedding that William, Itorye, and Sierra were to attend." Order, p 2. In fact, the Court went further, stating, "Based on the evidence presented by both Petitioner and Respondent, William proved by a preponderance of the evidence that at the time of the family vacation, the family as a unit had not manifested a settled purpose to change habitual residence. This is bolstered by the fact that Itorye bought round-trip airline tickets to return on September 1, 2006." December 15, 2008 *Amended Order*, p. 4;

2

(ii) "Due to Itorye asking William for some space in the relationship, William returned to Australia without Itorye and Sierra on July 11, 2006." December 15, 2008 *Amended Order*, p. 2, and, finally;

(iii) "Before William left, Itorye assured William that both she and Sierra would return to Australia on the 1st of September 2006." December 15, 2008 *Amended Order*, p 2.

It is important to note that the above factual findings were made by the Court based on the testimony of Mr. Hanrahan and Ms. Silver, both of whom testified in court, and both of whom the Court had an opportunity to observe and evaluate as to their credibility. The Court also correctly identified the issue before the Court as being a narrow inquiry, *i.e.* the "habitual residence" of the child, the burden of proof and the affirmative defenses available to Ms. Silver. *See* December 15, 2006, *Amended Order* at page 3, 4.

The trial Court rejected all affirmative defenses raised by Ms. Silver. The Court, in its December 15, 2006 decision, rejected Silver's Motion to Re-Open Evidence, stating, "Therefore, the Court finds that each side had a chance to fully present their positions. The Court made clear in the statements to the parties that this hearing was not a custody determination and each party has the rights given to them under Australian law." The Court unequivocally found that none of the additional evidence Ms. Silver wanted to present to the Court would have caused the Court to change its decision that an Australian court was the proper forum, as the child's "habitual residence," to decide the custody issue.

(g)   In my expert opinion, none of Mr. Slutes' actions caused or contributed to the court's findings in the underlying proceeding.

Dated: 12/1/09

Steven Sheldon, Esq.

## STEVEN D. SHELDON

FRANKS & SHELDON, P.C.
2111 East Highland Ave. Suite 145
Phoenix, Arizona  85016
(602) 230-1265
(602) 230-4401 (FAX)
Email: s.sheldon@azfamlaw.com
Admitted to Arizona Bar 1974; Federal District for Arizona 1974

## PROFESSIONAL EXPERIENCE

**PARTNER**                     Franks & Sheldon, P.C.                     2007 - present

After taking "early" retirement from the Superior Court, I joined The Law Office of Todd Franks. The firm concentrates its practice in all areas of family law, including: divorce, custody and visitation, and paternity matters.

**SUPERIOR COURT JUDGE**   Maricopa County Superior Court                     1989 -2007

I was assigned to family court during my last 6 years as a Superior Court Judge. Those cases involved the adjudication of divorce, child custody and paternity cases. The first five years of my appointment, I presided over felony criminal trials and criminal cases only. I then presided over civil trial matters for the next five years. For the two years prior to my assignment to Family Court, I presided over a "Special Assignment" calendar which concentrated on complex civil, criminal and family court matters.

**STAFF ATTORNEY/**          Arizona Court of Appeals            1982 - 1989
**SUPERVISING STAFF**             Division One                   1975 - 1977
**ATTORNEY**                    Phoenix, Arizona

Primary responsibilities: Administratively supervise and schedule the assignment of complex criminal appeals to the court's central staff attorneys. Analyze criminal appeals and draft proposed opinions resolving procedural and evidentiary issues. Supervise the preparation and dissemination of other attorneys' written work product. Prepare written dispositions of motions presented to the Court of Appeals. Coordinate assignment of cases with the Clerk's office.  Prepare guidelines on policies affecting the staff attorneys' interaction with the court. Chair task forces/committees on behalf of the Presiding Judge. Interact with the court's staff attorneys on behalf of the Appellate Judges.  Act as counsel to the court in litigation. Act as an advisor on criminal matters to the Appellate Judges.

| | | 1977 - 1982 |
|---|---|---|
| SPECIAL AGENT, F.B.I. | Portland, Oregon; San Francisco, California; Washington D.C. Field Offices (Criminal and Foreign Counter-Intelligence Investigation) | |

After completing new agents' training, I was assigned to the Portland office where I did general criminal investigation. Following that assignment, I was assigned to the language school at Monterey, California, where I studied Mandarin Chinese for approximately one year before being reassigned to the Washington field office (WFO). While at WFO, I became a legal advisor and was assigned to the investigation of foreign counterintelligence matters.

| | | 1977 |
|---|---|---|
| ASSISTANT ATTORNEY GENERAL | Vice Chief Staff Attorney Criminal Division Phoenix, Arizona | |

I was assigned to the appellate division where I prepared and filed responsive briefs in criminal cases in both State and Federal courts. I also acted as a trial attorney in cases involving conflicts with local county prosecutors, where the Attorney General's Office then made an appearance on behalf of the State.

| | | 1974-1975 |
|---|---|---|
| ASSOCIATE | Evans, Kitchel & Jencks | |

Assigned to the litigation department where I participated in both the preparation and trial of civil cases, concentrating in contract and commercial litigation.

## EDUCATION

| | | 1974 |
|---|---|---|
| LOYOLA UNIVERSITY SCHOOL OF LAW J.D. Los Angeles, California | cum laude Class standing: 15/228 | |

Honors:     St. Thomas More Honor Society
            Dean's List (three years)
            Honorary Scholarships for academic
            achievement (two years)

Activities: Finalist, Scott Moot Court Competition
            Finance Committee

**CALIFORNIA STATE POLYTECHNIC UNIVERSITY**                                    1971
Pomona, California

Business Administration
(admitted to law school during senior year)

Honors:       President's Honor Roll (yearly)
              Dean's List (each quarter)
              Leon Hesman Scholarship Recipient
              Student of the Month, February 1970

Activities:   Vice President and member, Circle K Club

**DEFENSE LANGUAGE INSTITUTE**                                                 1980
Monterey, California

Honors Graduate
F.B.I. Special Agent
Assigned to Chinese Mandarin
language class

**JUDICIAL COMMITTEE SERVICE**

| | |
|---|---|
| Commission on the Courts (ADR Subcommittee) | 1988 - 1989 |
| Jury Committee (Chair, Maricopa County Superior County) | 1992 - 1994 |
| Board of Directors, Judicial College of Arizona (JCA) | 1994 - 1996 |
| Publication Committee, Chair, JCA | 1993 |
| Criminal Judges' Committee | 1990 - 1994 |
| Criminal Rules Committee | 1992 - 1994 |
| Building Security Committee | 1993 - 1994 |
| Civil Judges' Committee | 1994 - 2001 |
| National Center for State Courts, Juror Stress | 1994 – 1996 |
| Chair, Maricopa County Superior Court, Mental Health Committee | 2002 --2005 |

# EXHIBIT 2

# UDALL LAW FIRM, LLP

D B. Udall
Edwin M. Caines, Jr.
John J. Brady
Peter Akmajian
Lori A. Petersen
Thomas A. Langan
Lawrence S. Rollin ‡
Edward Moomjian II
Suzanne L. Brei ‡‡

ATTORNEYS AT LAW
4801 E. Broadway Blvd. Suite 400
Tucson, Arizona 85711–3638

TELEPHONE
(520) 623-4353
Fax (520) 792-3426
www.udalllaw.com

Michele C. Thompson
Melissa Noshay Petro
Marc Cullen Goldsen
Ryan W. Redmon ‡‡‡
Jeanna Chandler Nash
Janet Hong Linton
Elizabeth W. Miller

Of Counsel

Thom K. Cope ‡‡‡‡

‡ Also Licensed in Illinois
‡‡ Also Licensed in California & Nevada
‡‡‡ Also Licensed in Indiana
‡‡‡‡ Also Licensed in California & Nebraska

Peter Akmajian
Certified Personal Injury and Wrongful
Death Specialist

520-623-4353
PAkmajian@udalllaw.com

Client Matter No. 21500-2V

October 2, 2009

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ  85260

Re:  *SLUTES adv. Silver*

Dear Mr. Nathanson:

I wrote to you on August 28, 2009 requesting the deposition of Ms. Silver.  I have not heard back from you.

Will you please get back to me regarding that issue?  Otherwise, I am going to have to just notice the deposition and go from there.

I attempted to engage you in discussion about the case.  I guess that fell on deaf ears. However, if you would like to talk to me about the merits of this case sometime, please call.

Yours truly,

UDALL LAW FIRM, LLP

Peter Akmajian

PA:leo

# UDALL LAW FIRM, LLP

D.B. UDALL
EDWIN M. GAINES, JR.
JOHN J. BRADY
PETER AKMAJIAN
LORI A. PETERSEN
THOMAS A. LANGAN
LAWRENCE S. ROLLIN ‡
EDWARD MOOMJIAN II
SUZANNE L. BREI ‡‡

ATTORNEYS AT LAW
4801 E. BROADWAY BLVD. SUITE 400
TUCSON, ARIZONA 85711-3638

TELEPHONE
(520) 623-4353
FAX (520) 792-3426
www.udalllaw.com

MICHELE G. THOMPSON
MELISSA NOSHAY PETRO
MARC CULLEN GOLDSEN
RYAN W. REDMON ‡‡‡
JEANNA CHANDLER NASH
JANET HONG LINTON
ELIZABETH W. MILLER

OF COUNSEL

THOM K. COPE ‡‡‡‡

‡ ALSO LICENSED IN ILLINOIS
‡‡ ALSO LICENSED IN CALIFORNIA & NEVADA
‡‡‡ ALSO LICENSED IN INDIANA
‡‡‡‡ ALSO LICENSED IN CALIFORNIA & NEBRASKA

Michele G. Thompson
520-623-4353
MThompson@udalllaw.com

Client Matter No. 21500-2V

October 22, 2009

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ 85260

     **Re:** *SLUTES adv. Silver*

Dear Mr. Nathanson:

     We talked on October 8, 2009 about scheduling your client's deposition. You agreed to ask her for available dates in late November or December.

     Two weeks have passed and I have not yet heard back from you. We really need to get this deposition scheduled. Please consider this our last request for your client's available dates for deposition before we unilaterally notice it. I understand everyone is busy, but we need to get this case moving.

     Thank you for your cooperation.

     Yours truly,

     UDALL LAW FIRM, LLP

     Michele G. Thompson

MGT/mas

# UDALL LAW FIRM, LLP

ATTORNEYS AT LAW
4801 E. BROADWAY BLVD. SUITE 400
TUCSON, ARIZONA 85711-3638

TELEPHONE
(520) 623-4353
FAX (520) 792-3426
www.udalllaw.com

D.B. UDALL
EDWIN M. GAINES, JR.
JOHN J. BRADY
PETER AKMAJIAN
LORI A. PETERSEN
THOMAS A. LANGAN
LAWRENCE S. ROLLIN ‡
EDWARD MOOMJIAN II
SUZANNE L. BREI ‡‡

MICHELE G. THOMPSON
MELISSA NOSHAY PETRO
MARC CULLEN GOLDSEN
RYAN W. REDMON‡‡‡
JEANNA CHANDLER NASH
JANET HONG LINTON
ELIZABETH W. MILLER

OF COUNSEL

THOM K. COPE ‡‡‡‡

‡ ALSO LICENSED IN ILLINOIS
‡‡ ALSO LICENSED IN CALIFORNIA & NEVADA
‡‡‡ ALSO LICENSED IN INDIANA
‡‡‡‡ ALSO LICENSED IN CALIFORNIA & NEBRASKA

Peter Akmajian
Certified Personal Injury and Wrongful
Death Specialist

520-623-4353
PAkmajian@udalllaw.com

Client Matter No. 21500-2V

November 4, 2009

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ  85260

**Re:** *SLUTES adv. Silver*

Dear Mr. Nathanson:

Michele Thompson and I have been trying repeatedly to set up plaintiff's deposition. We have not heard from you. I am a little concerned about what's going on, and I would like the opportunity to talk to you to see if we can work out a discovery schedule, including all the logistics.

I had understood that you had agreed in principle to produce your client for deposition sometime in late November to December. We are now in November, and the calendars are filling up fast, so we need to get this done.

I would certainly appreciate it if you would please give this matter your full and immediate attention.

I look forward to hearing from you very soon.

Yours truly,

UDALL LAW FIRM, LLP

Peter Akmajian

PA:SR

# UDALL LAW FIRM, LLP

D.B. UDALL
EDWIN M. GAINES, JR.
JOHN J. BRADY
PETER AKMAJIAN
LORI A. PETERSEN
THOMAS A. LANGAN
LAWRENCE S. ROLLIN ‡
EDWARD MOOMJIAN II
SUZANNE L. BREI ‡‡

ATTORNEYS AT LAW
4801 E. BROADWAY BLVD. SUITE 400
TUCSON, ARIZONA 85711-3638

TELEPHONE
(520) 623-4353
FAX (520) 792-3426
www.udalllaw.com

MICHELE G. THOMPSON
MELISSA NOSHAY PETRO
MARC CULLEN GOLDSEN
RYAN W. REDMON‡‡‡
JEANNA CHANDLER NASH
JANET HONG LINTON
ELIZABETH W. MILLER

OF COUNSEL

THOM K. COPE ‡‡‡‡

‡ ALSO LICENSED IN ILLINOIS
‡‡ ALSO LICENSED IN CALIFORNIA & NEVADA
‡‡‡ ALSO LICENSED IN INDIANA
‡‡‡‡ ‡ALSO LICENSED IN CALIFORNIA & NEBRASKA

Michele G. Thompson
520-623-4353
MThompson@udalllaw.com

Client Matter No. 21500-2V

November 5, 2009

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ 85260

**Re:**   *SLUTES adv. Silver*

Dear Mr. Nathanson:

According to my calculations, the plaintiff's responses to our discovery requests are overdue.  They were served on September 24, 2009 and were due on October 27, 2009. Please get me your client's responses by the end of next week.

Yours truly,

UDALL LAW FIRM, LLP

Michele G. Thompson

MGT/mas

**Thompson, Michele**

| | |
|---|---|
| **From:** | Thompson, Michele |
| **Sent:** | Monday, January 11, 2010 4:01 PM |
| **To:** | 'Philip J. Nathanson' |
| **Subject:** | Silver adv Slutes |

Philip:

Where do we stand on discovery on this case? You had promised plaintiff's discovery responses in November/December. You had also indicated you would get us dates for her deposition. The expert disclosure deadline has now passed-- it was December 1, 2009. The discovery deadline is April 30th. Do you intend to prosecute this case or are you considering dismissal? I understand that you wanted to wait until your client's custody trial in Australia, but we really want to get this case moving along.
We will be forced to file a motion with the court to dismiss this action based on lack of prosecution. Please call me at your earliest convenience to discuss.

-Michele

Michele G. Thompson, Esq.
UDALL LAW FIRM, LLP
4801 E. Broadway Blvd., Suite 400
Tucson, Arizona 85711-3609
(520) 623-4353
Fax: (520) 792-3426
MThompson@udalllaw.com
www.udalllaw.com

====================================

This message is attorney/client privileged only for the use of the individual or individuals named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, copying or printing of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone 520-623-4353 (or reply by e-mail) and delete this message. Thank you.

# EXHIBIT 3

**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
Telephone: (520) 623-4353
Fax: (520)792-3426
PAkmajian@udalllaw.com
MThompson@udalllaw.com

Peter Akmajian PCC# 772, SBN 009593
Michele G. Thompson, PCC #65371, SBN 019652
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ITORYE TAMER SILVER,<br><br>                    Plaintiff,<br><br>vs.<br><br>TOM SLUTES and SLUTES, SAKRISON<br>& ROGERS, P.C.,<br><br>                    Defendants. | NO. 4:08-cv-00640-FRZ<br><br>**FIRST SET OF NON-UNIFORM INTERROGATORIES TO PLAINTIFF**<br><br>*Assigned to*: *Hon. Frank R. Zapata* |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD**:

          Under authority of Rule 33, Federal Rules of Civil Procedure , you are hereby requested to answer in writing and under oath, within thirty (30) days from the receipt hereof the following interrogatories:

### INSTRUCTIONS FOR USE

          A.     All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigator, agents, employees, or other representative of the named party.

          B.     Where an individual interrogatory calls for an answer which involves more than one party, each part of the answer should be clearly set out so that it is understandable.

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

C.    Where the terms "you", "your", "plaintiff", or "defendant" are used, they are meant to include every individual party, and separate answers should be given for each responding person or party, if requested.

D.    Where the term "incident(s)" is used, it is meant to mean the incident which is forms the basis of this lawsuit, unless otherwise specified.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    State your full name, current address, date of birth, and social security number.

**INTERROGATORY NO. 2:**    Have you been convicted of a felony? _____ If so, for each felony state:

A.    The original charge made against you.

B.    The charge of which you were convicted.

C.    Did you plead guilty of the charge or were you convicted after trial?

D.    The court and cause number.

**INTERROGATORY NO. 3:**    Have you ever been a party to a civil lawsuit? ____ If so, state:

A.    Were you plaintiff or defendant?

B.    What was the nature of the plaintiffs' claims.

C.    When, where and in what court was the action commenced?

D.    State the names of all parties other than yourself.

**INTERROGATORY NO. 4:**      Do you know of any person who is skilled in any particular filed or science, including the legal field, whom you may call as a witness upon the trial of this action and who as expressed an opinion upon any issue of this action? ___ If so, state:

A.      The name and address of each person.

B.      The field or science in which each such person is sufficiently skilled to enable opinion evidence in this action.

C.      Whether such potential witness will base his or her opinion:

    1.      In whole or in part upon facts acquired personally by him or her in the course of an investigation or examination of any of the issues of this case, or

    2.      Solely upon information as to the facts provided him or her by others.

D.      If you answer to 4(C) discloses that any such witness has made a personal investigation or examination relating to any issue of this case, state the nature and dates of such investigation or examination.

E.      Each and every fact, and each and every document, item, photograph, or other tangible object supplied or made available to such person.

F.      The general subject upon which each such person may express an opinion.

G.      Whether such persons have rendered written reports. ___ If so:

    1.      Give the dates of such report.

    2.      State the name and address of the custodian of such reports.

UDALL LAW FIRM. LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

-3-

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

1    **INTERROGATORY NO. 5:**    Describe in detail all injuries, whether physical,

2    mental, or emotional, experienced since the occurrence and claimed to have been caused,

3    aggravated, or otherwise contributed to by it.

4

5

6

7    **INTERROGATORY NO. 6:**    For all injuries mentioned in the preceding

8    interrogatory, please identify those injuries which are considered by you to be permanent.

9

10

11

12    **INTERROGATORY NO. 7**    Do you claim to have lost any time from gainful

13    employment as a result of the incident? _____ If so, state:

14    A.    The specific condition which you claim caused the loss of time.

15    B.    The amount of time lost.

16    C.    The rate of pay or compensation regularly received from each such gainful

17    employment.

18    D.    If you claim any damage as a result of the time lost, the total and your method

19    of computation.

20

21

22    **INTERROGATORY NO. 8:**    If your answer to Interrogatory No. 7 is yes, list each

23    job or position of employment including self-employment, held by you on the date of and since

24    the incident, stating as to each, the following:

25    A.    The name and address of employment.

26    B.    Date of commencement of and date of termination.

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD. SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

1  C.    Place of employment.

2  D.    Nature of employment and duties performed.

3  E.    Name and address of immediate supervisor.

4  F.    Rate of pay or compensation received.

5

6  **INTERROGATORY NO. 9:**    Please describe the current custody arrangements

7  between you and William M. Hanrahan concerning minor child, Sierra Dawn, including

8  whether either parent has sought further court intervention concerning the custody of Sierra

9  Dawn and whether any court has made any determinations as to the custody of the minor child

10  after the court's ruling giving rise to this lawsuit. If any, please also set forth the court's name,

11  address, and relevant case numbers.

12

13

14

15  **INTERROGATORY NO. 10:**    Please set forth all damages, including monetary

16  damages, incurred by you which you attribute to the allegations of negligence raised in the

17  Complaint, including an itemization of the damages claimed.

18

19

20

21  **INTERROGATORY NO. 11:**    Please set forth the factual basis for the allegations

22  made in the Complaint that Sierra Dawn has been subjected to "trauma, physical assault, and

23  emotional distress" upon her return to Australia, including the specific acts of "trauma" or

24  "assault," the perpetrator of such acts, the dates when the alleged acts occurred, and whether

25  there are any police reports concerning such purported acts, including the name and address of

26  the police department where any complaints were made and the associated case number(s).

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

1   **INTERROGATORY NO. 12:**   Please set forth the factual basis for the allegations

2   made in the Complaint that you personally have been subjected to "violence, bullying and

3   intimidation" by Mr. Hanrahan upon your return to Australia, including a description of the

4   acts, the dates when the alleged acts occurred, and whether there are any police reports

5   concerning such purported acts, including the name and address of the police department where

6   any complaints were made and the associated case number(s).

7

8

9

10   **INTERROGATORY NO. 13:**   Please state the current address and telephone number

11   of William Hanrahan.

12

13

14   RESPECTFULLY SUBMITTED this 24th day of September, 2009.

15                    UDALL LAW FIRM, LLP

16

17   By _Michele S. Thompson_

18   Peter Akmajian
     Michele G. Thompson
     Attorneys for Defendants Tom Slutes & Slutes,
19   Sakrison, Rogers, P.C.

20   Original sent this _24th_ day of September,
21   2009 to:

22   Philip J. Nathanson
     THE NATHANSON LAW FIRM
23   8765 E. Bell Road, Suite 101
     Scottsdale, AZ  85260
24   phillipj@nathasonlawfirm.com
     *Attorneys for Plaintiff*
25   By _Michele A. Hocknell_

26

**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
Telephone: (520) 623-4353
Fax: (520)792-3426
PAkmajian@udalllaw.com
MThompson@udalllaw.com

Peter Akmajian PCC# 772, SBN 009593
Michele G. Thompson, PCC #65371, SBN 019652
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ITORYE TAMER SILVER,<br><br>                              Plaintiff,<br><br>vs.<br><br>TOM SLUTES and SLUTES, SAKRISON<br>& ROGERS, P.C.,<br><br>                              Defendants. | NO. 4:08-cv-00640-FRZ<br><br>**REQUESTS FOR PRODUCTION TO PLAINTIFF**<br><br>*Assigned to*: *Hon. Frank R. Zapata* |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD**:

Under authority of Rule 34, Federal Rules of Civil Procedure , you are hereby requested to answer in writing and under oath, within thirty (30) days from the receipt hereof the following interrogatories:

### INSTRUCTIONS FOR USE

The following instructions are considered to be applicable to all requests for production of documents contained herein:

A.     In producing the documents, you are requested to furnish all documents known or available to Plaintiff regardless of whether such documents are possessed directly by Plaintiff or its agents, employees, representatives, investigators or attorneys and regardless of whether the documents were generated by Plaintiff or on behalf of Plaintiff.

B.     If any of the documents cannot be produced in full, produce to the extent

possible, specifying in writing, pursuant to Rule 34, Federal Rules of Civil Procedure, your reasons for your inability or refusal to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion of the documents.

C.     If any documents or things requested were at one time in existence but are no longer in existence, please so state, specifying for each such document (1) the type of document; (2) the type of information contained in it; (3) he date upon which it ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge or who had knowledge of the contents of it.

D.     "Document" and "documents" include, but are not limited to, any and all written, printed, recorded and graphic matter, photographic matter, sound reproductions or computer inputs or outputs, however produced, reproduced, or stored, including without limiting the generality of the foregoing, any and all minutes of corporate shareholder meetings, financial and accounting records, operating records, memos of conversations and other oral communications, letters, accounts, notes, books, contracts, memoranda or agreements, advertising material, surveys of any and all kinds, marketing reports and any and all back-up data, personnel records and reports, work papers, correspondence, telephone surveys, studies of any sort, testing records and reports, evaluations, comparisons together with any and all written facts, opinions, data, information, material, memoranda and analyses. "Document" and "documents" also include all copies which are, in any manner, not identical in content as the originals.

E.     "Persons" refers to any entity, whether a natural person, corporate entity, partnership, joint venture or association of any kind.

F.     The term "you" or "your" refers to the Plaintiff in this action, its/their agents, attorneys, employees, partners, limited partners, managers, independent contractors and/or experts retained by Plaintiff and/or persons or entities under Plaintiff's supervision and control.

## DOCUMENTS AND THINGS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

Copies of any and all exhibits intended to be used by plaintiff during the trial of this lawsuit.

### REQUEST FOR PRODUCTION NO. 2:

Copies of the entire file of any expert you intend to call at trial, including, but not limited to, any correspondence between the expert and your lawyer, any notes of the expert, any memos of the expert, any material provided to the expert by your lawyer, a copy of the resume or C.V. of the expert, all of the expert's bills and/or time logs, and that expert's written report or opinion.

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

1  **REQUEST FOR PRODUCTION NO. 3:**

2      Federal and State income tax returns of plaintiffs for the past five (5) years.

3  **REQUEST FOR PRODUCTION NO. 4:**

4      Written or recorded statements by any party or witness, including reports or statements

5  of experts.

6  **REQUEST FOR PRODUCTION NO. 5:**

7      Any and all police reports associated with plaintiff's claims of violence, abuse,

8  intimidation, and assault of plaintiff and/or Sierra Dawn by William Hanrahan alleged in the

9  Complaint.

10  **REQUEST FOR PRODUCTION NO. 6:**

11      Any and all court documents pertaining to custody proceedings brought by either

12  plaintiff or William Hanrahan pertaining to minor child, Sierra Dawn after the court

13  proceedings giving rise to the Complaint.

14  **REQUEST FOR PRODUCTION NO. 7:**

15      Any and all documents evidencing monetary damages claimed in this lawsuit.

16  **REQUEST FOR PRODUCTION NO. 8:**

17      Any and all documents pertaining to Defendants Tom Slutes and Slutes, Sakrison, &

18  Rogers, P.C., including correspondence to/from defendants or anyone associated with

19  defendant's firm, e-mail communications to/from defendants or anyone associated with

20  defendant's firm, invoices received from defendant's firm, and a complete copy of your client

21  file retrieved from the firm after the court proceeding giving rise to the Complaint.

22      RESPECTFULLY SUBMITTED this 24th day of September, 2009.

23      UDALL LAW FIRM, LLP

24      By _Michele J. Thompson_
        Peter Akmajian
25      Michele G. Thompson
        Attorneys for Defendants Tom Slutes & Slutes,
26      Sakrison, Rogers, P.C.

-3-

Original sent this ᴶ⁴ day of September, 2009 to:

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ  85260
phillipj@nathasonlawfirm.com
*(Attorneys for Plaintiff*

By _____

UDALL LAW FIRM, LLP
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353

-4-