Philip J. Nathanson    Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 101
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136
   *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ITORYE TAMAR SILVER, | : | No.  CV-00640-FRZ |
| Plaintiff, | : : | |
| vs. | : : | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PROSECUTION.** |
| TOM SLUTES and SLUTES, SAKRISON & ROGERS, P.C., | : : : : | |
| Defendants. | : : | **Judge Frank R. Zapata, Presiding.** |

Plaintiff, ITORYE TAMAR SILVER, by and through her attorney, PHILIP J. NATHANSON of THE NATHANSON LAW FIRM, submits this Response to the defendants' motion to dismiss for failure to state a claim and for lack of prosecution.

**INTRODUCTION**

Plaintiff, ITORYE TAMAR SILVER is currently living in Australia as a result of the conclusion of the underlying Hague Convention Case in which defendants acted as her lawyers.  At that time, her minor child was living with her in Arizona when the Hague Convention Case was filed in this Court seeking the return of that minor child to Australia with the child's father, so that the courts of Australia could determine custody.

Plaintiff alleges in this case that, as a direct and proximate result of defendants' actions and inactions, plaintiff sustained, *inter alia*, the following damages:

(a) Plaintiff's child was sent back to Australia in the custody of the child's father as a result of the decision in the Hague Convention Case;

(b) Plaintiff had to return to Australia to live while trying to secure custody of her child in the courts of Australia. Plaintiff has not been able to get a custody trial[1] in Australia on her request for custody since that decision in the Hague Convention Case;

(c) Plaintiff felt helpless and became depressed in Australia. She was isolated from her family and had difficulty in supporting herself in Australia. The return to Australia resulted in trauma, physical assault and negligence by the father to the child, and emotional distress to the plaintiff. Plaintiff was also in the zone of physical danger because she was subjected in Australia to violence, bullying and intimidation by the child's father…

Plaintiff has experienced the difficulty of appearing for a deposition in Arizona when she is attending a custody trial in Australia as a result of the Hague Convention case result.  Clearly, none of the discovery problems in this case are the fault of the plaintiff herself.  She has been responsive for requests for information and plaintiff's counsel respectfully asks this Court not to visit a dismissal of this case on her.  She has struggled in a foreign land to recover her child and her life.  If any sanction is to be entered here, plaintiff's counsel asks this Court to impose such relief against plaintiff's counsel, not plaintiff.

Indeed, plaintiff's counsel apologizes to this Court and defense counsel. This case should be in a better posture than it is and the reason it is not is attributable to plaintiff's law firm.  Plaintiff's counsel represents to this Court that,

---
[1] The custody trial finally occurred in late 2009, several years later.

if given the opportunity, all of the issues raised by defense counsel will be resolved in the next seven days.  Indeed, the expert witness issue is already resolved because plaintiff has attached plaintiff's expert report to this Response.

As the attached affidavit of plaintiff's counsel shows, he has experienced a disastrous six months of family health emergencies that have been beyond contemplation.  Plaintiff's counsel's 36 year-old daughter, the senior associate in the plaintiff's law firm, had cancer surgery on August 5, 2010.  Thereafter, she underwent 4 ½ months of double-dose chemotherapy.  She is just now returning to a relatively full-time schedule.  Several weeks after the cancer surgery on Plaintiff's counsel's 36 year-old daughter, Plaintiff's counsel's 54 year-old sister developed cancer and had cancer surgery in New York on September 14, 2009. And Plaintiff's counsel's 32 year-old daughter experienced a severe burn on her back that in November of 2009 was suspected to have turned into melanoma, a dangerous form of skin and tissue cancer.  Two surgeries have been performed on her because laboratories at Harvard and BYU could not with clarity determine whether or not she had melanoma.  The last such surgical procedure was on January 22, 2010.

This legal malpractice case was filed in December of 2008.  It is a little over one-year old.  This Court entered its scheduling order on September 2, 2009. Defendant identified its expert witness in December of 2009. Plaintiff's counsel does not offer any of the foregoing matters as an excuse, but rather he wants this Court to know that there were extremely extenuating circumstances here that affected counsel's ability to function.  Since one of the factors is whether the work can get done on this case without substantial prejudice to the defendants, plaintiff's counsel respectfully submits that the work can get done and that if there

is any adjustment necessary to this Court's scheduling order, it would be the first such adjustment that has occurred in this case, and will be the last one requested by plaintiff's counsel.

## I.   ARGUMENT

### A.   The Plaintiff Has A Cause of Action for Legal Malpractice.

Plaintiff has attached to this Response the 26 page expert report of ELLIOT H. GOURVITZ, an attorney who practices in and concentrates specifically on Hague Convention cases (Ex. ##2, 2a).  That analytical report demonstrates that this is a meritorious case, which merit is another criterion to be considered in assessing any sanction to be imposed here.

Defendants have already answered the Complaint.  They cannot interpose a rule 12(b)(6) motion to dismiss after answering the Complaint.  But apart from the rules of pleading, the basis for the motion is obviated by the expert report tendered with this Response.

### B.   Plaintiff's Meritorious Case for Legal Malpractice Should Not Be Dismissed For Lack of Diligence.

Plaintiff respectfully contends that this case should not be dismissed for lack of prosecution.  Plaintiff's Complaint was filed a little more than a year ago during December 2008.  Further, as defendant's motion concedes, the discovery deadline is 90 days away (Def. Mot. p. 4).  All requested documents have been sent to plaintiff's counsel from Australia by plaintiff; they have been bates-numbered and will be produced to defense counsel within the next seven days following the filing of this Response.  The remaining discovery responses will also be served within that time frame as well.

Prior to entering an order of dismissal the district court should explore possible and meaningful alternatives. *Henderson v. Duncan,* 779 F. 2d 1421, 1424 (9th Cir.1986). "Courts have been reluctant to impose the ultimate sanction of dismissal with prejudice" because rule 41(b) is a harsh remedy, and "sometimes the fault lies with the attorney rather than the litigant." *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980).

"**Dismissal is a harsh penalty and is to be imposed only in extreme circumstances. Dismissals have been reversed when the district court failed to consider less severe penalties. Especially when a case is still young, "a district court must consider ... less drastic alternative sanctions" before dismissing."** *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981) (internal citations omitted). The district court must weigh several factors in determining whether to dismiss this case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Mir v. Fosburg,* 706 F.2d 916, 918 (9th Cir. 1983); *Henderson v. Duncan,* 779 F. 2d 1421, 1424 (9th Cir.1986).

In *Raiford,* the Court of Appeals held that the district court abused its discretion in dismissing plaintiff's case where plaintiff's case was not quite a year old at the time the dismissal order was entered; plaintiff complied with the magistrate's request for a pretrial order twenty-two days after the order was due and fourteen days before the case was dismissed. Similarly the *Raiford* court

rejected that prejudice exists, where, as here, the only prejudice claimed by defendants is the continued "fading" of witnesses' memories. *Raiford v. Pounds*, 640 F.2d 944 (9th Cir.1981); See Def. Mot. p. 4.

The Ninth Circuit also reversed the dismissal for failure to prosecute where plaintiff was not afforded any opportunity to avoid creating prejudice and the district court did not in any way warn plaintiff that plaintiff's inaction risked dismissal of his suit. *Mir v. Fosburg,* 706 F.2d 916 (9th Cir. 1983). The Court of Appeals held:

> Appellant's papers filed in opposition to the motion to dismiss reflect a request that the district court impose a discovery and trial schedule that will lead expeditiously to a hearing on the merits of appellant's complaint. We think such a procedure a far more appropriate response to the delay in this case than the sanction of outright dismissal with prejudice. *See Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671, 674 (9th Cir.1981) (dismissal with prejudice under Fed.R.Civ.P. 41(b) for failure to comply with Fed.R.Civ.P. 8(a) & (e) upheld where district court explored all reasonable alternatives to dismissal with prejudice first). Were the plaintiff to fail to comply with such a schedule without cause, the sanction of dismissal might then be appropriate. In any event, dismissal with prejudice is not justified at this juncture. *Id.*

Defendants rely on *Henderson v. Duncan,* to support their request that this Court take the drastic step of dismissal. 779 F. 2d 1421 (9th Cir.1986). However, *Henderson* supports rather than defeats plaintiff's position. In *Henderson*, the district court had given several explicit warnings of the consequences of non-compliance prior to dismissal of the action for failure to prosecute; extended the time to comply with the Court's order four times over the course of a year; explored and used alternative measures, including the holding of a status

conference and establishing a schedule for discovery and preparation of the pretrial order, before it used final measure of dismissal. *Id.*

Defendants cite to *Ash v. Cvetkov*, 739 F.2d 493 (9th Cir. 1984), which is readily distinguishable. Therein, the district court issued an order to show cause why the cases should not be dismissed for lack of prosecution. Plaintiff having not respond in writing and failing to appear at the show cause hearing, the district judge dismissed the cases **without prejudice**. Id. (emphasis added). Clearly such circumstances are not present here.

Defendants raise the issue of the failure to serve Rule 26 disclosures, even though a notice of service of such disclosures was timely filed. Plaintiff's counsel, as an officer of this Court, represents to this Court that he supervised the completion of the disclosures before they were due in September of 2009. They were finalized and counsel instructed his staff to transmit them to defense counsel. Plaintiff's counsel believed they were served. However, if for some reason they were not sent to defense counsel, then plaintiff's counsel apologizes again to defense counsel and will email those Rule 26 disclosures to defense counsel on Wednesday, February 10, 2010.

Plaintiff provided all necessary information to plaintiff's counsel. Under such circumstances, the Court should not impose a sanction of dismissal on the plaintiff herself. *Adams v Trustees of the N.J. Brewery Employees' Pension Trust Fund*, (1994, CA3 NJ) 29 F3d 863, 18 EBC 1687; *Markwell v County of Bexar* (1989, CA5 Tex) 878 F2d 899, 14 FR Serv 3d 796; *Carter v Memphis* (1980, CA6 Tenn) 636 F2d

159, 24 BNA FEP Cas 1062, 24 CCH EPD ¶31443 31 FR Serv 2d 476; *King v Mordowanec* (1969, DC RI) 46 FRD 474; *Schneider v American Export Lines, Inc.* (1968, DC NY) 293 F Supp 117.

Defendants argue that there was a failure to respond to discovery. Yet Defendant Slutes has not brought a motion to compel discovery responses. Rather, he brings this motion to dismiss to obtain the most drastic sanction without the usual process of discovery compliance being pursued first. The parties properly met and discussed scheduling issues on or about August 2009. This Court then set a scheduling conference that stated discovery was to be completed by April 30, 2010, and that dispositive motions are due on July 1, 2010. Those dates have not yet passed.

Plaintiff respectfully contends that the delay in providing an expert report in this complicated international case should not be the sort of transgression that can support a motion to dismiss. As noted above, this Court should employ a balancing test that focuses foremost upon the degree of egregious conduct which prompted the motion to dismiss, "and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir.1984) (citing *Rodgers v. The Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir.1998) (internal quotations and citation omitted)). As argued above, in the Ninth Circuit the Court must also consider the availability of alternate sanctions, and the existence of a prior warning to the party occasioning the delay, and whether or not

the warning was ignored. *See Hamilton v. Neptune Orient Lines, Ltd.* 811 F.2d 498, 499 (9th Cir. 1987).

WHEREFORE, Plaintiff, ITORYE TAMAR SILVER, requests this Court to deny the motion to dismiss; or, alternatively, to impose any sanction on plaintiff's counsel and not on plaintiff.  Plaintiff additionally requests a modification of the Scheduling Order to facilitate the discovery process in this case.

                    ITORYE TAMAR SILVER

          By:   /s/  Philip J. Nathanson
                    Plaintiff's Attorney


Philip J. Nathanson   Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 110
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136

**CERTIFICATE OF SERVICE**

I, Philip J. Nathanson, an attorney, certify that I caused a copy of this Response to be served upon the above named parties, electronically, by filing the same with the District of Arizona CM-ECF online system on February 9, 2010.

/s/ Philip J. Nathanson
Philip J. Nathanson