**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
Telephone: (520) 623-4353
Fax: (520)792-3426
PAkmajian@udalllaw.com
MThompson@udalllaw.com

Peter Akmajian PCC# 772, SBN 009593
Michele G. Thompson, PCC #65371, SBN 019652
Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ITORYE TAMER SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>TOM SLUTES and SLUTES, SAKRISON & ROGERS, P.C.,<br><br>Defendants. | NO. 4:08-cv-00640-FRZ<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>(Oral Argument Requested)<br><br>*Assigned to*: Hon. Frank R. Zapata |

Pursuant to *Fed.R.Civ.P.* 12(b)(6) and 41(b), Defendants, through undersigned counsel, hereby submit their Reply to the Plaintiff's Response to these defendants' Motion to Dismiss. Defendants also seek expedited consideration of this Motion given the pending deadlines. A motion for expedited consideration is filed contemporaneously herewith.

**Memorandum**

It is now close to sixty (60) days before the discovery deadline in this case. The lay witness disclosure deadline is in one (1) week. Yet, plaintiff continues to be dilatory in discovery, failing to comply with *Fed.R.Civ.P.* 26, not making herself available for deposition, and not responding to discovery requests. Moreover, she failed to timely disclose an expert witness and her recent expert disclosure is grossly inadequate. As such, dismissal of this case

for lack of prosecution and for failure to make a *prima facie* claim for legal malpractice is more than appropriate given the plaintiff's continued refusal to comply with court rules.

## I. ARGUMENT

### A. Plaintiff Continues To Fail To Prosecute This Case, Requiring Dismissal.

Despite plaintiff's counsel representation to this Court that plaintiff will produce requested documents <u>and</u> respond to defendants' outstanding and well overdue discovery requests within seven (7) days of plaintiff's Response, plaintiff has failed to make good on her avowal. Although she produced over 1700+ pages of documents just this past Friday, these documents, upon limited review, appear not fully responsive to defendants' requests for production.[1]

Moreover, plaintiff still has not responded to defendants' non-uniform interrogatories or provide any sort of formal response to defendants' request for production. Notably, the plaintiff's Initial Disclosure Statement consists of merely three (3) pages of information wherein no documents were disclosed and many witnesses' contact information lacking.[2] Lastly, plaintiff has still not provided a date for her deposition (despite repeated requests).

### B. Plaintiff's Expert Disclosure Is Untimely and Inadequate.

At the time of filing the instant Motion, plaintiff did not have expert testimony to support her legal malpractice claim against defendants. Under Arizona law, dismissal is appropriate if a plaintiff cannot support her claim against a licensed professional with expert testimony. *See A.R.S. §12-2602(F)*.

Now, for the first time in her Response and two months after the deadline, plaintiff discloses an untimely expert "report." Despite the unreasonable delay, the expert "report" is

---

[1] Much of the information disclosed appear to be filings concerning the plaintiff's custody proceedings in Australia. Some particular documents requested, such as her tax returns, do not appear to be contained in the documents disclosed.

[2] Defendants were never served with plaintiff's Initial Disclosure Statement in this matter until last week.

completely inadequate under *Fed.R.Civ.P.* 26(a)(2)(B). Under Rule 26(a)(2)(B), the report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Plaintiff's expert "report" fails to include items (ii), (iii), (iv), (v) and (vi). It does not provide a list of the expert's prior expert testimony, a statement of his compensation, a list of data or documents he has reviewed in formulating his opinions, or a list of publications authored. Moreover, the Rule requires the report to be "signed by the witness." Notably, the report is unsigned and undated.[3]

As such, plaintiff's expert report is simply insufficient to stave off dismissal of this action. She has not provided sufficient evidence that she has a qualified expert to testify as to defendants' breach of the standard of care. Under Arizona law, dismissal is appropriate. *See Baird v. Pace*, 156 Ariz. 418, 752 P.2d 507 (Ariz.App. 1987)(holding that expert testimony is generally required to establish a breach of the standard of care in a legal malpractice action); *A.R.S. §12-2602(F)*(dismissal is appropriate if plaintiff fails to file a preliminary expert affidavit against a licensed professional); *see also Moreland v. Barrette*, 2006 WL 3147651 (D. Ariz. 2006)(applying A.R.S. §12-2601, *et seq.* to actions filed in federal district court).

---

[3]In addition, it should be noted that plaintiff still has not provided a preliminary expert affidavit pursuant to A.R.S. §12-2602. Plaintiff's Response fails to address this deficiency at all. *See e.g., Moreland v. Barrette*, 2006 WL 3147651 (D. Ariz. 2006).

### C. Defendants Are Unquestionably Prejudiced by Plaintiff's Delays.

Plaintiff's suggestion that defendants have not been prejudiced by her delay is completely erroneous. The lay witness disclosure deadline is in 1 week. The discovery deadline is in sixty days. Many of the key witnesses, including plaintiff herself, reside in Australia. Certainly, discovery will not even be close to completion by these deadlines. Moreover, defendants ability to defend this case has been extremely hampered by the plaintiff's failure to respond to discovery requests and make herself available for deposition.

Although this case has been pending for a little over one (1) year, the underlying case dates back to 2006--now nearing four years since the pertinent underlying facts. Plaintiff waited until the week before the statute of limitations expired to file her Complaint in this matter and since filing, has not done anything to prosecute this case. Defendants' ability to locate witnesses, jog their memories, and locate key documents will likely be hampered as a result of this undue delay.

### D. Dismissal is the Appropriate Remedy For Plaintiff's Conduct.

Plaintiff suggests that complete dismissal is unwarranted and that a lesser sanction is more appropriate. Plaintiff, however, fails to suggest what "lesser sanction" should be imposed. Dismissal for lack of prosecution is more than appropriate given plaintiff's continued dilatory conduct.

Plaintiff's counsel was notified by defense counsel prior to filing the Motion to Dismiss that defendants would file the instant motion should she continue ignoring discovery requests. Yet, defense counsel received no response. Moreover, plaintiff has now had an opportunity to rectify the issues pointed out in defendants' Motion, even avowing to the court that "all issues raised by defense counsel will be resolved in the next seven days." *Plaintiff's Response*, p. 3. Yet, as set forth above, many of the "issues" have not been resolved.

Defense counsel certainly sympathizes with plaintiff's counsel's misfortunes, however, he never communicated those issues to defense counsel or the court. Rather, plaintiff's counsel

-4-

ignored defendants' repeated requests for discovery and allowed key deadlines, such as the expert disclosure deadline, to simply pass. Moreover, not to make light of plaintiff's counsel's horrible family health issues, it is unclear why plaintiff's counsel could not even provide dates for plaintiff's deposition, produce any documents, respond to any discovery requests, much less communicate his inability to do so to defense counsel and the court within the last six months.

In summary, Plaintiff has ignored all of the court's deadlines in this case and continues to delay prosecution of this case despite repeated requests. Because of the pattern of conduct over the past year, dismissal is the only appropriate remedy. See e.g., *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114 (Ill. 1994)("where pattern of dilatory conduct is clear, dismissal for want of prosecution need not be preceded by imposition of less severe sanctions"); *Capo v. U.S.*, 7 F.3d 283 (Puerto Rico 1993)(medical malpractice action could be dismissed for failure to prosecute, even if medical problems had incapacitated plaintiff's attorney for approximately five weeks, where dilatory behavior lasted for ten months).

## II. CONCLUSION

For the foregoing reasons, dismissal of this action is appropriate.

RESPECTFULLY SUBMITTED this 22nd day of February, 2010.

                UDALL LAW FIRM, LLP

By     /s/ Michele G. Thompson
      Peter Akmajian
      Michele G. Thompson
      Attorneys for Defendants Tom Slutes & Slutes, Sakrison, Rogers, P.C.

. . .
. . .

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2010, I electronically transmitted this document with the Clerk's Office and using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM-ECF registrant:

Philip J. Nathanson
THE NATHANSON LAW FIRM
8765 E. Bell Road, Suite 101
Scottsdale, AZ  85260
phillipj@nathasonlawfirm.com
*Attorneys for Plaintiff*

By  s/ Michele G. Thompson